IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY CARLSON,<br><br>            Plaintiff,<br><br>vs.<br><br>M/I HOMES OF CHICAGO, LLC,<br><br>            Defendant. | **CASE NO.** 12-CV-07810<br><br>Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Arlander Keys |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Nancy Carlson and through her attorney, Charles Siedlecki, respectfully moves this Honorable Court pursuant to Fed. R. Civ. P 26 and 37 to compel Defendant M/I Homes of Chicago, L.L.C. to produce the personnel, disciplinary, employment applications, sales records, performance records, all role-play videos, secret shopper videos, the attendant role-play and secret shopper evaluations and grading of Plaintiff and other sales associates employed by Defendant during Plaintiff's tenure. Plaintiff further moves this Court to compel Defendant to produce documents requested in Plaintiff's Request for Documents to Defendant. *(See, Exhibit 1, Defendant's Response to Plaintiff's Requests for Documents)* and fully respond to Plaintiff's Interrogatories to Defendant *(See, Exhibit 2, Defendant's Responses to Plaintiff's Interrogatories).* As more fully set forth below.

Plaintiff also respectfully moves this Court to compel Defendant to provide some form of identification as to the documents they have produced so that Plaintiff and this Honorable Court have some idea which request or interrogatory the documents tendered

are responsive to. Fed. R. Civ. P. 34(b)(2)(E)(I) requires a party to organize and label responsive documents to correspond with the categories of the request. *Glover v. Bd. of Educ.*, 2004 U.S. Dist. LEXIS 6358 (N.D. ll. April 9, 2004).

## **HISTORY**

1.      Plaintiff Nancy Carlson brought this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Amendments Act of 2008 ("ADAA")., and the common law of the State of Illinois (retaliatory discharge)  seeking declaratory, injunctive, monetary and other appropriate relief to redress intentional violations by the Defendant, M/I Homes of Chicago L.L.C., of rights secured to her by the laws of the United States of America, and the common law of the State of Illinois.

2.      Plaintiff challenges Defendant's discriminatory treatment in the terms and conditions of her employment based upon her disability, and/or her record of having a disability or Defendant's erroneous perception that her disabilities precluded her ability to perform the essential functions of her job.

3.      Plaintiff challenges Defendant's failure to reasonably accommodate Plaintiff's disability by creating situations which exacerbated her disabling conditions.

4.      Plaintiff challenges Defendant's discriminatory/retaliatory dismissal from her employment and preclusion from promotional opportunities, for requesting an accommodation for her disability and complaining about different treatment in the terms and conditions of her employment and conduct which she reasonably believed to be illegal under Illinois state law.

5. Plaintiff has made attempts pursuant to Rule 37.2 to resolve the discovery disputes addressed in this motion. They were addressed in e-mail communication, in open Court, in a face to face meeting ordered by the Court on May 9, 2013, and in a April 29, 2013, letter which accompanied Plaintiff's discovery responses. It should be noted that Defense Counsel informed Plaintiff's Counsel on May 9, 2013, that he never had seen the April 29, 2013, letter. Nevertheless, Plaintiff's counsel had made known his discovery concerns in open court and in e-mail communication as well.

6. The face to face meeting required by this Honorable Court and R. 37 was satisfied on May 9, 2013, at Defense Counsel's office at approximately 12:30 p.m. Plaintiff's Counsel has been ordered to file this Motion to Compel by 12:00 p.m. on Friday, May 12, 2013. As set forth above after consultation in person, via e-mail, in court, and by telephone, these good faith attempts to resolve these discovery issues have failed.

**I.   SCOPE OF DISCOVERY IN EMPLOYMENT DISCRIMINATION CASES**

7. Rule 26 of the Federal Rules of Civil Procedure provides that, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevant evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The phrase "relevant to the subject matter involved in the pending action" "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to, other matters that could bear on, any

issue that is or may be in the case." *Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340, 351, 57 L.Ed 2d 253, 98 S. Ct. 2380 (1978). "Relevancy cannot be equated with admissibility at trial or the narrow issues presented by the facts" <u>In re Aircrash Disaster Near Roselawn, Ind.</u>, 172 F.R.D. 295, 303 (N.D. Ill 1997). Relevancy is a broad concept at the discovery stage, and requests for discovery are relevant if there is any possibility that the subject matter of the request may be relevant to the action. *Id.* Broad discovery is necessary in employment discrimination suits to further the goal of equal opportunity in the workplace. *Bell v. Woodward Governor Co.*, 2004 U.S. Dist. LEXIS 1052 (N.D. Ill. Jan. 26, 2004).

**II.     DEFENDANT'S RESPONSE TO PLAINTIFF'S DOCUMENT REQUESTS**

8.     Defendant responded on April 22, 2013, to Plaintiff's thirty-four (34) requests for documents with a litany of objections, claims of privilege, work-product and a request for a protective order - no privilege log was tendered and no responsive documents were tendered at all. Defendant had ample time, including a two-week agreed to extension to request a protective order. *(See Exhibit 1)*

9.     In response to requests no(s) 1-7, 12-14, 16-19, 22, 24-26, Defendant claims privilege and tendered no responsive documents or privilege log. In response to the several requests (including videos) Defendant states they will be produced after a reasonable search. As set forth below only one secret-shopper video of Plaintiff has thus far been produced. None of the role-play videos and nothing regarding other employees (comparators) during her tenure.

10.     In response to requests no(s) 4, 8, 10-14, 18, 20-21, and 30, Defendant claims a protective order was required before any response would be made.

11.     In response to requests no(s) 27-29 and 31-34, Defendant failed to respond based upon relevance.

12.     In response to requests no(s) 15, Defendant failed to respond based upon its objection of vague and ambiguous.

13.     In sum, Plaintiff received no responsive documents at all. On April 23, 2013, Defense Counsel e-mailed to Plaintiff's Counsel what Defendant described as non-confidential response documents. The documents were not organized in a manner that informed Plaintiff as to what request for documents or interrogatory they were responsive to, leaving Plaintiff to wonder what was still being withheld, and what document request or interrogatory was being responded to.

14.     On April 23, 2013, Plaintiff's Counsel after reviewing the non-confidential documents sent by e-mail from Defendant issued the following e-mail communication to Defense Counsel.

> Counsel,
>
> I have briefly reviewed the documents you tendered which you describe as non-confidential yet they have been sanitized, with ripe with redactions and edits leaving only those portions of which Defendant deems relevant. Defendant cannot set itself up to be the arbiter of what is relevant and what is not. Please tender/produce complete versions of these documents or produce a privilege log as required by the court as to why you have conducted your discovery in this manner and are editing documents requested without leave of court or court approval. I do not wish to engage in motion practice which could be avoided but I cannot allow Defense counsel to edit and manipulate the evidence and documents in this matter in this way. You will force me to file a motion to compel production. Please advise as to when we can expect the non-edited/redacted documents.

15.     On April 29, 2013, Plaintiff responded to Defendant's discovery requests and issued a cover letter outlining again the Defendant's failure to respond. As noted above,

Defense Counsel indicated on July 9, 2013, that he never received the cover letter. *(See, Exhibit 3, April 29, 2013, cover letter).*

16. On May 3, 2013, Plaintiff's Counsel received via e-mail, three pages of documents (e-mails) one of which did not indicate the senders name . *(See, Exhibit 4, 3 pages of e-mails received).* Again, no indication as to what these were in response to, which request, which interrogatory and one of the senders identities is removed.

17. On May 21, 2013, an agreed protective order was e-mailed to the Court by Defense Counsel.

18. On May 31, 2013, following the imposition of a protective order. Plaintiff's Counsel sent an e-mail to Defense Counsel requesting all the documents withheld be immediately tendered. Defense Counsel indicated he would do so the following Monday (June 3, 2013).

19. On June 5, 2013, Defense Counsel sent via e-mail thirty (38) pages of documents to Plaintiff's Counsel - marked as confidential. Once again, no indication of which document request or interrogatory they were responsive to. Following that in June 2013 Defendant mailed one (1) secret shopper video of Plaintiff only. None of the role=play information has been tendered.

20. No other documents or adequate responses have been had since that time.

### III. DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

21. Defendant responded on April 22, 2013, to Plaintiff's eleven (11) interrogatories with the same litany of boilerplate objections, claims of privilege - no privilege log was tendered. *(See Exhibit 2)* As set forth above they are woefully inadequate.

22. Defendant responded to Plaintiff's interrogatories no(s) 2, 3, 7, 10 and 11 with

claims of work-product or attorney-client privilege. Again no privilege log was tendered.

23. No subsequent responses have been had since that time.

**IV.  DEFENDANT HAS FAILED TO PRODUCE DOCUMENTS AND VIDEO OF COMPARATORS RELEVANT TO ESTABLISHING DISCRIMINATION, PRETEXT AND VALIDITY OF THE ROLE PLAY AND SECRET SHOPPER VIDEOS.**

24. Defendant has failed to produce to produce all of the personnel, disciplinary, employment applications, sales records, performance records, role-play videos, secret shopper videos, the attendant evaluations and grading of Plaintiff and its other sales associates employed by Defendant during Plaintiff's tenure. Defendant objects on the bases that the request is overbroad and unduly burdensome, irrelevant, and that the documents are privileged. *(See, Exhibit 1 and 2)*. On June 6, 2013, Defense Counsel mailed via U.S. Mail to Plaintiff's Counsel one secret shopper video of Plaintiff. No comparator secret-shopper videos and no role-play videos at all - not even of Plaintiff. These videos are central to Plaintiff's claim as is the evaluations and grading of all sales people subjected to them during her tenure. They will be required for comparison, value, application and expert review.

25. The personnel, disciplinary, employment applications, sales records, performance records of all other sales associates employed during Plaintiff's tenure is similarly required as comparative evidence related to Plaintiffs claims of discriminatory/disparate treatment.

26. Defendant has the burden of establishing facts justifying its objections. *Byers v. Ill. State Police*, 2002 U.S. Dist. LEXIS 9861 (N.D. Ill. May 31, 2002). However, Defendant offers no such facts. Further, Defendant's "boilerplate" objections that the

request is "overbroad" and "unduly burdensome" are ineffectual. *Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892 (N.D. Ill. Aug. 2, 2006). Generic, non-specific objections "are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure" and must be overruled. *In re Aircrash Disaster near Roselawn*, 172 F.R.D. 295, 306-307 (N.D. Ill. 1997) (objections must clearly specify how the objection relates to the documents being demanded).

27. The requested discovery is relevant to proving Plaintiff's claims that she was subject to discrimination/disparate treatment as plead in the Complaint, and that she was retaliated against for complaining of said discrimination. The requested documents and videos are likely to lead to admissible evidence and are relevant to determining Defendants' treatment of similarly situated comparators and pretext.

28. Plaintiff seeks these records/documents and videos to establish that other similarly situated employees were treated more favorably than she. Comparative data is relevant to establishing pretext and proving an unequal application of policies and rules. *See, e.g., Freeman v. Madison Metro Sch. Dist.*, 231 F.3d 374, 380 (7th Cir. 2000) (lower court's decision was reversed and remanded where comparator evidence and consideration of pretext were excluded); *Hahn v. Downers Grove,* 1999 U.S. Dist. LEXIS 8145, 19-21 (N.D. Ill. May 25, 1999) ("[P]ersonnel records are relevant for the purpose of comparing the discipline sought against [plaintiff] with the discipline sought against other [employees].") Employment discrimination plaintiffs may rely on any type of probative evidence that casts doubt on the legitimacy of Defendants' rationale, including direct, circumstantial, and statistical evidence, or "other bits and pieces from which an inference of discrimination can be drawn." *Troupe v. May Dep't Stores Co.*, 20 F.3d 734,

736 (7th Cir. 1994).

29. Further as alleged in her complaint Plaintiff maintains that the role-play training was not reasonably related to a legitimate business interest and was not a reasonable assessment of Plaintiff's ability to perform the essential functions of her job.

30. A party withholding documents from discovery under a claim of privilege must describe the documents not produced in a privilege log to enable other parties to assess the applicability of the privilege. *Abbott Labs. v. Alpha Therapeutic Corp.*, 2000 U.S. Dist. LEXIS 20835, 11-12 (N.D. Ill. Dec. 14, 2000). It is Defendant's burden as the party opposing discovery to establish privilege on a document-by-document basis; "a blanket claim failing to specify what information is protected will not suffice." *In re General Instrument Corp. Sec. Litig.*, 190 F.R.D. 527, 529 (N.D. Ill. 2000).

31. Defendant's professed concern for the privacy of other non-party, employees does not render the requested personnel files immune from discovery. Federal Rule of Civil Procedure 26 (c) allows a court to enter a protective order for good cause shown. However, a party seeking a protective order must establish good cause by showing that disclosure of the information for which protection is sought will result in a clearly defined and very serious injury. *McGee v. City of Chicago*, 2005 U.S. Dist. LEXIS 30925, 3-5 (N.D. Ill. June 23, 2005). Defendant in this case has a protective order.

32. The above documents and videos must be produced. Plaintiff has substantial need for the materials to prepare her case and cannot obtain their substantial equivalent by other means. *See*, Fed. R. Civ. P. 26(b)(3)(A)(ii). Additionally, although a report prepared in anticipation of litigation is work product, the party must disclose that report if its author plans to testify at trial. *See,* Fed. R. Civ. P. 26(a)(2)(B).

## V. DOCUMENT REQUESTS RELATED TO FINANCIAL INFORMATION OF PLAINTIFF AND DEFENDANT

33. Requests for documents no(s) 27 -34, relate to Plaintiff's own financial arrangements with Defendant, Defendant's financial status and financial situation as a subsidiary of the Parent Company in Ohio, MI Homes. They are relevant as to Plaintiff's damages, punitive damages sought and corporate control of the parent company who may well be named as a party to this cause.

34. The attorneys involved are in Ohio, the Human Resources person involved was in Ohio. Plaintiff needs this information to determine the level of corporate control of the parent company and has a reasonable basis for it. Determining if sufficient control existed and whether the parent company has substantially controlled the subsidiary is required in this case. *Lasalle Nat'l Bank v. Vitro*, 85 F. Supp. 2d 857 (N.D. Ill. 2000). Factors included in this analysis include: whether the parent company arranges financing for and capitalization of the subsidiary; whether officers and directors are the same; whether separate books, tax returns, and financial statements are kept; whether the parent company holds its subsidiary as an agent; the method of payment made to the parent by the subsidiary; and how much control is exerted by the parent company over the daily affairs of the subsidiary. *Lasalle Nat'l Bank v. Vitro*, 85 F. Supp. 2d 857 (N.D. Ill. 2000).

Therefore e-mails of this nature sent from the Defendant to M/I Homes in Ohio is clearly relevant and material.

35. Further, a defendant's financial condition is relevant to the pursuit of punitive damages. See, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)("evidence of a tortfeasor's wealth is traditionally

admissible as a measure of the amount of punitive damages"); see also *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir.1996)(holding that section 1983 plaintiff is not required to introduce evidence of wealth to recover punitives, but recognizing that plaintiffs often do present evidence of a defendant's wealth); *Aspen v. King World Productions Corp*., 2001 U.S. Dist. LEXIS18357 *10, 2001 WL 1403001 *3 (N.D. Ill., Magistrate Judge Schenkier) (not reported in F.Supp.2d) ("[T]here can be no doubt that net worth is discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, as it regards. . . plaintiff's punitive damages claim.").

36. The financial information requested is discoverable, admissible evidence pursuant to the Federal Rules of Civil Procedure and case law set forth herein. The financial information of Defendant sought is limited in scope and with regard to Defendant is limited to public information utilized by its directors or required to be published - as a publicly traded company. Additionally, Plaintiff has alleged in her complaint that she reasonably believed the Defendant to be engaging in fraudulent conduct. Specifically, Securities and Exchange Commission Violations (SEC) and Criminal Fraud. That Defendant and its agent Ms. Bonk were manufacturing sales and holding sales on the books that had been cancelled, thus falsely inflating the profits and/or value of this publicly traded company - stock manipulation. Ms. Bonk was the supervisor of Ms. Kelly and Plaintiff and was the person who insisted Plaintiff engage in the complained of "role play" training.

37. Therefore all of Defendant's sales records during Plaintiff's tenure and its reports to the SEC regarding stock valuation are relevant, material and required for Plaintiff's case.

38. Defendant must be directed to produce the above documents, records, reports and fully respond to the enumerated requests for documents 27 - 34, and indicate which documents are responsive to which request as required by Fed. R. Civ. P 34.

## VI. OTHER COMPLAINTS OF DISCRIMINATION AND ILLEGAL CONDUCT

39. Other complaints of discrimination may be relevant to establish pretext. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973) (stating that an employer's general policy and practice with respect to minority employment may be relevant to establish pretext); *Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (reversing district court's exclusion of other employees' age discrimination complaints filed against defendant); [*5] *Byers v. Illinois State Police*, 2002 U.S. Dist. LEXIS 9861, No. 99 C 8105, 2002 WL 1264004, at *9 (N.D. Ill. June 3, 2002); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 58 (D.N.J. 1985).

40. As such information and documents are clearly relevant to this matter all other complaints of discrimination made against Defendant as well as complaints of perceived fraudulent and illegal conduct must be disclosed. *Davis v. Precoat Metals*, 2002 U.S. Dist. LEXIS 13851, 4-5 (N.D. Ill. July 26, 2002). *(See Exhibit 6 - Plaintiff's FAC)*

## VII. PRIVILEGE LOG

41. On July 11, 2013, Defense Counsel sent via e-mail a partial privilege log with regard to redacted e-mail communications. *(See Exhibit 5, attached hereto).* This log does not cover the many requests for documents and interrogatories which Defendant did not respond to under a claim or work-product, attorney-client privilege. Once again it

leaves Plaintiff and the Court wondering what is being withheld and what requests or interrogatories are being responded to. As such it is inadequate.

42. Nothing is addressed in the log related to all of the above documents, videos, intra-corporate e-mails re stocks and finances, financial information of Defendant, financial information of the parent company, documents related to Defendant's relationship with M/I Homes (parent company), including written and electronic communications, reports, contracts, billing, services performed, business expectations/duties.

4 3. Nothing is addressed regarding the role-play videos, secret shopper videos, grading and evaluations, personnel records, employment applications and disciplinary files.

44. Nothing is addressed regarding documents related to Defendant's relationship with M/I Homes (parent company), written and electronic communications, reports, contracts, billing, services performed, business expectations/duties.

45. Nothing is addressed regarding Defendant's annual financial reports, inclusive or proxy statements, financial operational reports for 2011 through 2012.

46. Nothing is addressed regarding financial statements of Defendant as published and utilized by directors and managers of Defendant from 2011 and 2012.

**A. Work Product Privilege**

47. Federal Rule of Civil Procedure 26(b)(3) creates a limited privilege against discovery of work product materials. For an item to qualify as work product, it must be (1) a document or tangible thing (2) prepared in anticipation of or in preparation for litigation and (3) prepared by or for a party or that party's representative. *Bohannon v.*

*Honda Motor Co. Ltd.*, 127 FRAT 536, 538-39 (D. An. 1989). An item is work product only if it is primarily concerned with legal assistance. *In re Air Crash Disaster at Sioux City, Iowa*, 133 FRAT 515, 519 (N.D.Ill. 1990).

48. Once an item is determined to be work product, the Court must next determine whether the claimed work product is non-opinion work product or opinion work product. *Sandberg v. Virginia Bankshares, Inc.,* 979 F.2d 332, 355 (4th Cir. 1992).

49. An item is opinion work product, and is therefore absolutely privileged from discovery, if it contains the mental impressions, conclusions, opinions, or legal theories of an attorney. *Id*.; *United States v. Pepper's Steel & Alloys, Inc*., 132 FRAT 695, 698 (S.D.Fla. 1990). If the item is non-opinion work product, it is subject to discovery if the party seeking production has substantial need of the material and it cannot be obtained without undue hardship. *In re Air Crash Disaster at Sioux City, Iowa*, 133 FRAT at 520. A party claiming an item as work product has the burden of offering a specific explanation why the item is privileged from discovery. *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 145 FRAT 84 (N.D.Ill. 1992). *Vardon Golf Co. v. BBMG Golf,* 156 FRAT 641, 646 (N.D. Ill. 1994).

50. The comments of e-mail strings which were sent from Defendants employees to other of Defendant's employees are non attorney opinion work product and not entitled to be withheld. They do not contain the opinion of the Defendant's attorney. The e-mail strings identify witnesses and statements obtained/made by those non-attorney witnesses which relate to this lawsuit. The fact that they may have been taken or sent at some point thereafter to an attorney does not make them privileged. The statements and identities of witnesses other than Defendant's attorney are discoverable, as set forth above. The

evidence is relevant to this lawsuit and directly relevant to Plaintiff which cannot be obtained from anyone other than the Defendant.

## CONCLUSION

Plaintiff has sought to remedy these discovery disputes to no avail. Plaintiff is entitled to the discovery sought. Plaintiff has tendered calculations to Defendant of her damages and has sought to resolve this matter and avoid protracted litigation. These attempts have similarly been to no avail. Defendant has sought to avoid and delay the production of relevant, material information by throwing the kitchen sink of objections into its responses, by failing to identify what documents are responsive to what requests or interrogatories, by failing to identify all documents and information being withheld under its numerous claims of privilege, and/or work-product. The information sought is allowable, discoverable and material to the claims advanced by Plaintiff in her complaint, in her discovery and in her subsequent discovery communications with the Defendant. "Civil litigation is not a game of hide-the-ball." *Santiago v. Furniture Chauffeurs, Piano Movers, Packers and Handlers Local 705,* No. 99-C-2886, 2001 WL 11058, *7 (N.D. Ill. 2001).

**WHEREFORE**, Plaintiff seeks entry of an Order compelling Defendant to appropriately, fully, respond to the foregoing discovery by a date certain and such other relief as this Honorable Court deems appropriate under Fed. R. Civ. P. 26 and 37.

Respectfully submitted,<br>
/s/ Charles Siedlecki<br>
**Attorney for Plaintiff**

Charles Siedlecki and Associates, P.C.
10540 S. Western Avenue – Ste 405
Chicago, IL 60643
(773) 881-2535